UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FAUSTINO JUAREZ-VALDEZ,<br><br>　　　　　　Defendant. | NO. CR-05-6047-EFS<br>NO. CV-08-5033-EFS<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION FOR SUMMARY DISMISSAL** |

 Before the Court, without oral argument, is the Government's Motion for Summary Dismissal. (Ct. Rec. 41.) The Government seeks to dismiss Defendant Faustino Juarez-Valdez' Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 (Ct. Rec. 38) as untimely. After reviewing the submitted material and relevant authority, the Court is fully informed and grants the Government's motion. The reasons for the Court's Order are set forth below.

## I. Background

 On January 27, 2006, the Government charged Defendant with Alien in the United States After Deportation, in violation of 8 U.S.C. § 1326. (Ct. Rec. 26.) Defendant pleaded guilty to the charge that same day

ORDER * 1

(Ct. Rec. 29), and was sentenced on April 21, 2006 (Ct. Rec. 34). The Court signed Defendant's Judgment of Conviction on April 26, 2006. (Ct. Rec. 35.) Defendant did not file a direct appeal. On June 2, 2008, Defendant filed his § 2255 petition. (Ct. Rec. 38.) The Government then filed the dismissal motion now before the Court.

## II. Discussion

**1. Legal Standard - 28 U.S.C. § 2255**

Under section 2255, a court is authorized to discharge or re-sentence a defendant if it determines that: 1) the sentence imposed violates either the Constitution or United States law; 2) the court lacked jurisdiction to impose the sentence; or 3) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Section 2255 petitions must be filed within one (1) year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2255(f).

With respect to subsection one (1), a judgment of conviction becomes final and the one-year limitations period begins to run "upon the

ORDER * 2

expiration of the time during which [the defendant] could have sought review by direct appeal. *United States v. Schwartz,* 274 F.3d 1220, 1223 (9th Cir. 2001). When a direct appeal is not filed, the one-year limitations period begins to run ten (10) days after entry of judgment of conviction. *See* FED. R. APP. P. 4(b)(1)(A).

Here, Defendant did not file a direct appeal, so the one-year limitations period began to run on May 8, 2006.[1] Therefore, to be timely, Defendant needed to file his § 2255 petition no later than May 8, 2007. He did not.[2]

Subsections two (2), three (3), and four (4) do not apply. Defendant did not: 1) allege any government action that impeded his ability to file the § 2255 petition now before the Court; 2) identify newly-created constitutional rights; or 3) explain how the facts supporting his claim - an equal protection violation based on citizenship - were unknown to him before he brought his section 2255 petition. Accordingly, Defendant's § 2255 petition is untimely.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion for Summary Dismissal **(Ct. Rec. 41)** is **GRANTED**.

2. Defendant's Motion for Time Reduction by an Inmate in Federal Custody Under 28 U.S.C. § 2255 **(Ct. Rec. 38)** is **DENIED** as untimely.

---

[1] May 6, 2006, which is ten (10) calendar days from the date of judgment of conviction, fell on a weekend.

[2] Defendant filed his § 2255 petition on June 2, 2008. (Ct. Rec. 38.)

ORDER * 3

3. The briefing schedule articulated in the Court's August 25, 2008 Order (Ct. Rec. 39) is **STRICKEN.**

4. The criminal file and its civil companion case shall be closed.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to counsel and Defendant.

**DATED** this ___15th___ day of September 2008.

S/ Edward F. Shea<br>EDWARD F. SHEA<br>United States District Judge

Q:\Criminal\2005\6047.Dismiss.wpd

ORDER * 4